UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FLSMIDTH SPOKANE, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ANDREW EMERSON, et al., <br><br>  Defendants. | Case No. 1:13-cv-00490-EJL-CWD <br><br> **MEMORANDUM DECISION AND ORDER AMENDING DOCKET NO. 30** |

This Order amends and supersedes the Court's Docket Entry Order entered on March 10, 2014 (Dkt. 30).

This matter is before the Court on Defendants' Motion for Protective Order, (Dkt. 23), which requests a stay of all discovery pending a decision on Defendants' Motion to Dismiss (Dkt. 6).[1] The current deadline for completion of all discovery in this case is September 1, 2014, and a bench trial before District Judge Edward Lodge is set for May 19, 2015. (Dkt. 21.) Pursuant to Judge Lodge's referral of all non-dispositive matters in this case, (Dkt. 10), the Court has held two telephonic status conferences with the parties in an effort to address their impasse over the requested protective order.

The first of these conferences occurred on February 25, 2014. (Dkt. 28.) At that time, the Court directed the parties to meet and confer on Defendants' objections to

---

[1] Consistent with District of Idaho Local Civil Rule 37.1, the parties met and conferred on Defendants' proposed protective order but were unable to reach agreement.

**MEMORANDUM DECISION AND ORDER**
**AMENDING DOCKET NO. 30 - 1**

discovery, including Defendants' specific objections to the individual requests in Plaintiff's first set of written discovery. The intent of this directive was for the parties to identify discovery that could go forward either before or immediately after a decision is rendered on the motion to dismiss. On March 7, 2014, Plaintiff filed a notice, stating that the parties conferred and "resolved all objections by Defendants to Plaintiff's First Set of Interrogatories and Requests for Production of Documents [p]ropounded to Defendants." (Dkt. 29 at 1-2.) Interpreting this statement as a resolution of all of Defendants' objections to discovery, on March 10, 2014, the Court entered a docket entry order finding Defendants' motion for protective order moot. (Dkt. 30.)

Following entry of the March 10 Order, counsel for Defendant contacted Chambers[2] and stated that, despite Plaintiff's notice stating otherwise, Defendants were continuing to ask for a protective order from any and all discovery being conducted until the motion to dismiss is decided. Therefore, on March 12, 2014, the Court held a second telephonic status conference to address Defendants' concerns about the March 10 docket entry order (Dkt. 30). Based on the comments of counsel during the status conference, it is now clear that Defendants do not have specific, unresolved objections to the written discovery served by Plaintiff. However, Defendants object to going forward with certain depositions Plaintiff attempted to schedule after the parties' March 7 meet and confer. And, as stated in the motion for protective order, Defendants maintain their overarching objection to any discovery in this case while the motion to dismiss is pending.

---

[2] Counsel spoke to the undersigned's law clerk, Mark Cecchini-Beaver.

Accordingly, the Court finds Defendants' motion for protective order, (Dkt. 23), is not moot and, for reasons stated below, will grant the motion in part and deny it in part.

1. **Legal Standard**

Rule 26(c) permits the Court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The United States Supreme Court has recognized this language confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. Rhinehart*, 467 U.S. 20, 36 (1984). Although a court may, for good cause shown, stay discovery pending resolution of a motion to dismiss, *e.g., Stock v. Comm'r of the I.R.S.*, No. CV-00-467-E-BLW, 2000 WL 33138102 (D. Idaho Dec. 20, 2000), that result is not automatic. *E.g., Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). Indeed, a complete stay of discovery is disfavored unless "there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive… such as where a challenge is directed to the Court's jurisdiction." *Hachette Dist., Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). The good cause inquiry is necessarily dependent on the facts and posture of each case. *Id.*

2. **Discussion**

Defendants argue that there is good cause for a protective order staying all discovery because such an order will protect both parties from undue burden and

unnecessary expense. Defendants note that the motion to dismiss attacks the sufficiency of the Complaint and, if granted or even granted in part, could obviate or narrow the discovery in this case. Plaintiff opposes Defendants' motion, arguing it is merely an effort to prejudice Plaintiff and delay expeditious resolution of this case.

As a preliminary matter, the Court agrees with Defendants' characterization of the motion to dismiss. The motion attacks the sufficiency of the Complaint and does not raise any jurisdictional issue that could potentially result in dismissal as a matter of law. It is therefore unclear whether a decision granting the motion to dismiss would necessarily moot discovery. On the other hand, if the motion is denied, delayed discovery could affect other case management deadlines, eviscerating the Court's Scheduling Order (Dkt. 21).

The *Stock* case is instructive because it highlights particular circumstances that warrant a stay of all discovery. There, the discovery requests were voluminous, covering approximately 200 pages. *Stock*, 2000 WL 33138102, *2. The requests also were "burdensome[,] broad," and did not comply with the limit on interrogatories set by the applicable local rule. *Id.* Moreover, the court expressed concern that the case might be "sidetracked" by discovery disputes before two motions to dismiss could be resolved. *Id.* Accordingly, the *Stock* court stayed discovery.

This case is not *Stock*. Here, Plaintiff has so far propounded interrogatories and requests for production numbering 13 pages—inclusive of caption, instructions, definitions, verification, and service details. (Dkt. 23-2.) In accordance with the Court's

February 25 directive, the parties conferred, and "resolved all objections" to these requests. (Dkt. 29.) Both parties now agree there are no specific objections to any discovery thus far propounded. Thus, there is no apparent risk that this case will be sidetracked by additional discovery disputes regarding the pending discovery requests before the motion to dismiss is resolved.

Defendants nevertheless maintain their general objection to discovery solely because their motion to dismiss is pending. Although a stay may avoid undue discovery expenses at this early stage in the litigation, it may also delay the speedy resolution of this case. *See* Fed. R. Civ. P. 1. Given these circumstances, Defendants have not shown good cause for a complete stay of discovery. The Court is, however, concerned that Plaintiff's proposed depositions or additional written discovery may be premature at this juncture. Therefore, the Court finds good cause for a more limited stay of discovery.

## ORDER

Based on the foregoing, the Court being fully advised in the premises, IT IS HEREBY ORDERED that Defendants' Motion for Protective Order (Dkt. 23) is GRANTED IN PART AND DENIED IN PART.

Defendants shall respond to Plaintiff's first set of written discovery requests within 30 days of the date of this order. Plaintiff is restrained from serving any additional discovery requests or noticing any depositions unless Defendants agree to such discovery or until the Court resolves the pending motion to dismiss, whichever is sooner.

Dated: **March 12, 2014**

Honorable Candy W. Dale
United States Magistrate Judge